07-5363-cr, 07-5551-cr, 09-3135-pr
United States v. Andrew Capoccia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand and nine.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                      Circuit Judges.

_____

UNITED STATES OF AMERICA.,

                              Appellee,

        -v-                                    Nos.   07-5363-cr
                                                      07-5551-cr
                                                      09-3135-pr

ANDREW CAPOCCIA,

                              Defendant-Appellant.

_____

Appearing for Appellant:     STEPHANIE M. CARVLIN, Law Offices of Stephanie M.
                             Carvlin, New York, NY

Appearing for Appellee:    GREGORY L. WAPLES, Assistant United States Attorney, of counsel to Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, Vermont (James J. Gelber, Paul J. Van de Graaf, on the brief).

Appeal from the United States District Court for the District of Vermont (J. Garvan Murtha, Judge).

In docket numbers 07-5363-cr and 07-5551-cr, defendant-appellant ("defendant") appeals the November 16, 2007, order of the United States District Court for the District of Vermont (Murtha, J.) denying defendant's motion to dismiss his second superseding indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. Defendant filed a pro se motion to dismiss the indictment after his conviction and sentence had been affirmed but while his case was remanded to the district court for recalculation of the court's forfeiture award. See United States v. Capoccia, 247 Fed. Appx. 311, 318 (2d Cir. 2007) (affirming defendant's conviction and sentence); United States v. Capoccia, 503 F.3d 103 (2d Cir. 2007) (Sotomayor, J.) (vacating in part the district court's forfeiture award). After the district court denied defendant's motion, the government conceded that counts 14 and 15 of the indictment — the money laundering counts — should be dismissed.

Additionally, in docket number 09-3135-pr, defendant moves for a certificate of appealability, to proceed in forma pauperis, for appointment of counsel, for immediate adjudication, and for bail pending review of the appeal from the denial of his habeas corpus petition. We assume the parties' familiarity with the underlying facts and procedural history.

Defendant's motion in No. 09-3135-pr for a certificate of appealability is without merit. While Nos. 07-5363-cr and 07-5551-cr were pending, defendant petitioned for habeas relief.[1] The able district court, faced with a vexing number of motions, properly denied the habeas motion as premature in view of the pendency of defendant's numerous appeals and in view of the absence of "extraordinary circumstances" justifying immediate consideration of a section 2255 motion. See Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998).

Defendant's appeal from the order denying his motion to dismiss his indictment is more compelling. Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails

---

[1] Defendant also continued to actively challenge his conviction in the district court, filing multiple additional motions to dismiss the indictment. His appeals from the denials of some of these motions have been consolidated under docket number 08-5843-cr. Judge Winter stayed briefing in that appeal pending the resolution of No. 07-5363-cr. That case should go to another panel in the ordinary course.

to invoke the court's jurisdiction or to state an offense." Thus, a claim that an indictment fails to state an offense may be raised for the first time on appeal. United States v. Wexler, 621 F.2d 1218, 1223 (2d Cir. 1980). Again, the government concedes on appeal that counts 14 and 15 of the indictment should be dismissed and defendant's convictions on these counts vacated. Where a count of a conviction is overturned, the ordinary procedure is to remand for de novo resentencing. See United States v. Quintieri, 306 F.3d 1217, 1229 n.6 (2d Cir. 2002); United States v. Rigas, No. 08-3485-cr, 2009 WL 3166066, at *5 (2d Cir. Oct. 5, 2009). Accordingly, this case must be REMANDED for resentencing.

Although the government's concession forces us to remand for resentencing, in doing so we note that defendant's other challenges to the indictment are without merit. Because defendant did not challenge the indictment prior to appealing his conviction, we review defendant's claims for plain error. United States v. Cotton, 535 U.S. 625, 633 (2002); United States v. Thomas, 274 F.3d 655, 664-66 (2d Cir. 2001) (en banc). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Hamling v. United States, 418 U.S. 87, 117 (1974) (internal quotation marks omitted); United States v. Frias, 521 F.3d 229, 235 (2d Cir. 2008). See also Fed. R. Crim. P. 7(c) ("indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged").

In his motion below and his initial briefs on appeal, defendant argued that the indictment was defective because the allegations contained in the Interstate Transportation of Stolen Property ("ITSP") counts were factually false. However, in reviewing the facial sufficiency of an indictment, we assume that the facts recited in it are true. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952); United States v. Von Barta, 635 F.2d 999, 1002 (2d Cir. 1980). Thus, even if defendant were right that as a factual matter, the wire transfers that formed the basis for his ITSP convictions were intrastate transfers—the jury, it should be noted, found otherwise—this would not undermine the facial sufficiency of the indictment.

In his supplemental reply brief, defendant makes the additional argument that the inclusion of language describing defendant's "scheme" to convert unearned retainer fees to his personal benefit renders the ITSP counts fatally problematic. Various portions of the indictment purport to describe defendant's "scheme, between 1997 and 2002, to convert to his own benefit and to the benefit of others unearned retainer fees paid by clients to the Capoccia Law Centers." Defendant argues that, although "[t]he entire structure of the indictment is designed to charge an ITSP scheme," the ITSP statute, 18 U.S.C. § 2314, does not prohibit "schemes." Thus, defendant claims that the ITSP counts fail to state an offense.

We are bound by the previous panel's conclusions regarding the indictment. E.g., Agostini v. Felton, 521 U.S. 203, 236 (1997); United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002); Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571-72 (7th Cir. 2006). In the present case, a previous panel of this Court has held that "[t]he Indictment does not charge any misconduct prior to May 2000 … either as part of an ongoing scheme or as discrete acts … while it refers to the existence of a scheme, it does not charge a scheme." Id. at 111 (emphasis

3

added). Under the law of the case doctrine, these remarks are dispositive of defendant's argument that the indictment failed to charge ITSP because it charged a "scheme."

Even if we were not bound by the previous panel's conclusion that the indictment did not charge a scheme, we would still conclude that the inclusion of the word "scheme" in the ITSP counts did not render the indictment facially defective. The ITSP counts explicitly charge all the elements of the corresponding statute, which is identified at the bottom of the count: they allege that on a series of listed dates, defendant transmitted in interstate commerce various identified sums of money knowing these moneys to have been stolen. The inclusion of the word "scheme" at various points in the indictment merely put defendant on notice that the government's theory was that his various ITSP offenses were part of a pattern of misconduct. Thus, defendant's argument that the indictment charged something other than ITSP is without merit. We have considered the defendant's remaining arguments in support of his appeals in Nos. 07-5363-cr and 07-5551-cr and conclude that they are without merit.

Upon due consideration, it is hereby **ORDERED** that defendant's motions in 09-3135-pr are **DENIED** and the order of the district court is **AFFIRMED**, and in 07-5363-cr and 07-5551-cr, the November 16, 2007 order of the District Court is **REVERSED** to the extent that it denied dismissal of Counts 14 and 15, and is **AFFIRMED** in all other respects, and this case is **REMANDED** for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4