14-462-cr
*United States v. Capoccia*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:   José A. Cabranes,
           Raymond J. Lohier, Jr.,
                   *Circuit Judges*,
           Paul A. Engelmayer,*
                   *District Judge*.

---

United States of America,

    *Appellee*,

        v.                                                      No. 14-462-cr

Andrew Capoccia,

    *Defendant-Appellant*,

Howard Sinnott, Thomas J. Daly, Shirley Dinatale, Rodger Kolsky, Carol Capoccia, Carlo Spano,

    *Defendants*.**

---

**FOR ANDREW CAPOCCIA:**                    Andrew Capoccia, *pro se*, Lewisburg, PA.

---

* The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

** The Clerk of Court is directed to amend the official caption in this case to conform with the caption above.

**FOR UNITED STATES OF AMERICA:**  Gregory L. Waples, Paul J. Van de Graaf, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a January 22, 2014 order of the United States District Court for District of Vermont (J. Garvan Murtha, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Andrew Capoccia, imprisoned at a federal correctional institution and proceeding *pro se*, appeals from the District Court's January 22, 2014 order denying his motions to dismiss the second superseding indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), following his conviction after a jury trial of, *inter alia*, interstate transportation of stolen property in violation of 18 U.S.C. § 2314. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. *See United States v. Capoccia*, 523 F. App'x 807 (2d Cir. 2013); *United States v. Capoccia*, 402 F. App'x 639 (2d Cir. 2010); *United States v. Capoccia*, 354 F. App'x 522 (2d Cir. 2009); *United States v. Capoccia*, 247 F. App'x 311 (2d Cir. 2007); *United States v. Capoccia*, 503 F.3d 103 (2d Cir. 2007).

Federal Rule of Criminal Procedure 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). To state an offense, "an indictment 'need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, state time and place in approximate terms.'" *United States v. Frias*, 521 F.3d 229, 235 (2d Cir. 2008). "Federal courts have subject-matter jurisdiction over federal criminal prosecutions by virtue of 18 U.S.C. § 3231, which vests the district courts with the power to hear 'all offenses against the laws of the United States.'" *United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014). Thus, defects in the indictment undermine subject-matter jurisdiction only if the indictment does not "'allege[] all of the statutory elements of a federal offense.'" *Id.*

On appeal, Capoccia raises the "sole issue" of whether "the district court lack[ed] authority to adjudicate questions of attorney-client retainer agreements" in the state-regulated practice of law. Appellant's Br. 2; Reply Br. 2. The answer is simple. The indictment stated an offense because it closely tracked the language of 18 U.S.C. § 2314 and stated all the statutory elements for conviction. *See Frias*, 521 F.3d at 235. The District Court had jurisdiction over the criminal proceedings because the indictment set forth all the statutory elements of a federal crime. *See Yousef*, 750 F.3d at 259–60. Whether Capoccia's specific conduct is "beyond the scope of Congress' concern" or whether Congress lacked the "authority" to pass 18 U.S.C. § 2314 cannot be considered in a Rule 12(b)(3)(B) motion. *Id.* at 262.

We have considered all of the arguments raised by Capoccia on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's January 22, 2014 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk