United States v. Yousef

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
August Term, 2013
(Argued: December 5, 2013      Decided: April 29, 2014)

Docket No. 12-4822

UNITED STATES OF AMERICA,

*Appellee*,

v.

JAMAL YOUSEF,

*Defendant-Appellant*.

Before:  SACK, LYNCH, and LOHIER, *Circuit Judges*.

Appeal from a judgment of conviction entered by the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) following the defendant's plea of guilty to one count of conspiring to provide material support to a designated foreign terrorist organization.  We conclude that the defendant, by pleading guilty, waived the claim he seeks to raise in this appeal.

AFFIRMED.

> MELINDA SARAFA, Sarafa Law LLC, New York, NY, *for Defendant-Appellant*.
>
> JEFFREY A. BROWN (Justin Anderson, *of counsel*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern  District of New York, *for Appellee*.

SACK, *Circuit Judge*:

It is well settled that a defendant's plea of guilty to an indictment or information waives all non-jurisdictional challenges to the resulting conviction. The appellant contends that the indictment to which he pled guilty failed to adequately allege a nexus between his alleged conduct and the United States, as required by the Due Process Clause of the Fifth Amendment before a criminal statute may apply extraterritorially. The question presented by this appeal is whether that requirement implicates the subject-matter jurisdiction of the federal courts such that it is not waived by a guilty plea.

Jamal Yousef is a foreign national transferred into the custody of the United States to face charges in the United States District Court for the Southern District of New York arising from an arms deal he allegedly orchestrated in Honduras. The scheme involved individuals posing as representatives of a Colombian terrorist group. After an unsuccessful attempt to dismiss the indictment against him, Yousef pled guilty to one count of conspiring to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. He now appeals from the resulting judgment, urging, as he did before the district court (John F. Keenan, *Judge*), that the government failed to allege a sufficient nexus between the conduct alleged in the indictment and the United States. Because we conclude that the existence of a territorial nexus is not an element of subject-matter jurisdiction, however, this argument—like other "non-jurisdictional" challenges to his conviction—was waived by Yousef's guilty plea. Since Yousef raises no other objection to the validity of his conviction or sentence, we affirm the judgment of the district court.

# BACKGROUND

In July 2008, confidential sources working with the United States Drug Enforcement Administration reported that the appellant, Jamal Yousef (also known as "Talal Hassan Ghantou"), was directing an arms trafficking organization from inside a Honduran prison, where he was incarcerated on unrelated charges. In the months that followed, these confidential sources contacted Yousef's unincarcerated associates in Honduras, posing as members of the Fuerzas Armadas Revolucionarias de Colombia (the "FARC") interested in obtaining weapons.[1] The government alleges that Yousef and his associates eventually agreed with those sources to exchange military-grade weapons for a large quantity of cocaine to be supplied by the FARC.

While Yousef was still imprisoned in Honduras, the government obtained several superseding indictments against him from a grand jury empaneled in the Southern District of New York. After the third such indictment was returned in July 2009, the district court (Andrew J. Peck, *Magistrate Judge*) issued a warrant for Yousef's arrest. Just over one month later, Yousef obtained a conditional release from prison in Honduras. Although Yousef disputes the government's version of exactly what happened next, his freedom was short-lived. He was almost immediately detained and transported from Honduras to the Southern District of New York.

Once in the United States, Yousef moved to dismiss the third superseding indictment against him

---

[1] The Secretary of State has designated the FARC as a "foreign terrorist organization" pursuant to Section 219 of the Immigration and Nationality Act, 8 U.S.C. § 1189. *See, e.g.,* 73 Fed. Reg. 68489-02 (Nov. 18, 2008) (reaffirming designation).

on the ground that it failed to allege a sufficient nexus between him and the United States.  Because the government had made no allegation that Yousef "had any knowledge, intention or expectation that the weapons he allegedly agreed to provide the FARC would be used to produce any effect on the United States or United States nationals" and because "[h]e [was] not even alleged to have any knowledge of the FARC's activities," Yousef claimed it would be arbitrary and fundamentally unfair to allow the indictment to stand.  Mem. in Support of Motion to Dismiss, *United States v. Yousef*, 08-CR-1213 (S.D.N.Y. filed June 28, 2010), ECF No. 20.  In an Opinion and Order dated August 23, 2010, the district court denied the motion.  The court based its decision in part on recorded conversations between a confidential source and one of Yousef's alleged co-conspirators, which indicated that the weapons at issue "were taken from the United States military arsenal" in Iraq.  Op. and Order, *United States v. Yousef*, 08-CR-1213 (S.D.N.Y. filed Aug. 23, 2010), ECF No. 23.

In February 2012, following additional motion practice—including a failed attempt to have the indictment dismissed on the ground that the government's conduct in transferring him to the United States was improper—Yousef filed a motion seeking reconsideration of the district court's August 2010 decision denying his motion to dismiss the indictment.  Yousef asserted that discovery and discussions with the government had revealed that prosecutors had long known that the weapons alleged to have been stolen from a U.S. arsenal did not exist.  Decl. in Support of Mot., *United States v. Yousef*, 08-CR-1213 (S.D.N.Y. filed Feb. 21, 2012), ECF No. 55.  This revelation, Yousef argued, undermined the primary ground on which the district court relied in denying his original motion—that the provenance of the weapons established the

4

necessary territorial nexus between Yousef and the United States. *Id.*

In a Memorandum Opinion and Order dated March 5, 2012, the district court denied Yousef's motion for reconsideration, finding that it was filed after an inexcusable delay and that—in any event—the third superseding indictment contained sufficient information on its face to establish the required nexus because it alleged both that Yousef believed he was supplying weapons to the FARC and that the FARC is a terrorist organization that had directed violent acts against the United States.

Following the district court's decision, the government obtained a fourth superseding indictment against Yousef, charging him with one count of conspiracy to engage in narco-terrorism, *see* 21 U.S.C. § 960a, and one count of conspiracy to provide material support to a foreign terrorist organization, *see* 18 U.S.C. § 2339B. On May 4, 2012, Yousef entered an unconditional plea of guilty to the material support count. In a judgment entered on October 15, 2012, the district court sentenced Yousef principally to twelve years' incarceration.

In the instant appeal, Yousef again asserts that the government failed to allege the requisite territorial nexus, asking us to vacate his conviction and sentence and to dismiss the indictment.

## DISCUSSION

We have held that "[i]n order to apply extraterritorially a federal criminal statute to a defendant consistently with due process, there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair." *United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011) (quoting *United States v. Yousef*, 327 F.3d 56, 111 (2d Cir. 2003)).

"It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction."[2] *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987) (citation omitted). Yousef maintains that the due process requirement of a territorial nexus is just such a non-waivable jurisdictional question. We conclude that it is not.

As Judge Friendly once put it, "the legal lexicon knows no word more chameleon-like than

---

[2] The Supreme Court has recognized two narrow exceptions to this principle, neither of which is relevant here. In *Blackledge v. Perry*, 417 U.S. 21 (1974), the Court held that, to protect defendants from the risk of vindictive prosecution, a defendant had a non-waiveable due process right not to be charged with a greater offense on remand from a successful appeal. *Id.* at 30-31. In *Menna v. New York*, 423 U.S. 61 (1975) (per curiam), the Court explained that a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." *Id.* at 63 n.2. Where the prosecution is facially unconstitutional, however, a guilty plea does not waive the constitutional challenge. *Id.*

'jurisdiction.'"  *United States v. Sabella*, 272 F.2d 206, 209 (2d Cir. 1959).  In this context, however, it is clear that "jurisdiction" refers to subject-matter jurisdiction—"the courts' statutory or constitutional *power* to adjudicate the case,"  *see United States v. Cotton*, 535 U.S. 625, 630 (2002) (internal quotation marks omitted; emphasis in original); *United States v. Rubin*, 743 F.3d 31, 36 (2d. Cir 2014) (quoting *Cotton*) (internal quotation marks omitted).  Accordingly, we have held that in order "to attack a conviction post-plea, a defendant must establish that the district court lacked the 'power to entertain the prosecution.'"  *United States v. Kumar*, 617 F.3d 612, 620 (2d Cir. 2010) (quoting *Hayle*, 815 F.2d at 882, and citing *Cotton*, 535 U.S. at 630).

Federal courts have subject-matter jurisdiction over federal criminal prosecutions by virtue of 18 U.S.C. § 3231, which vests the district courts with the power to hear "all offenses against the laws of the United States."  Thus, in *United States v. Williams*, 341 U.S. 58 (1951), the Supreme Court held that section 3231 conferred "jurisdiction of the subject matter"—in that case, an alleged violation of a federal conspiracy statute—"and, of course, of the persons charged," *id.* at 66; *see also Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) (stating that section 3231 is "the beginning and the end of the 'jurisdictional' inquiry").  The allegation that the defendant violated a federal criminal statute "made the trial take place before 'a competent tribunal': a court authorized to render judgment on the indictment." *Williams*, 341 U.S. at 66.  A defendant who pleads guilty may therefore obtain dismissal of his indictment on appeal only if he can "establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense."[3]

---

[3]  This requirement does not, however, render "jurisdictional" a defendant's contention that the indictment

*Hayle*, 815 F.2d at 881; *cf., e.g., United States v. Shellef*, 507 F.3d 82, 96 (2d Cir. 2007) ("The district court had jurisdiction over the prosecution of [defendants] pursuant to 18 U.S.C. § 3231 because they were charged with violating federal criminal laws."); *United States v. Keigue*, 318 F.3d 437, 439 (2d Cir. 2003) (similar).

As we recently reiterated in *Rubin*, our inquiry into whether an indictment charges a federal offense for the purposes of establishing subject-matter jurisdiction under § 3231 is exceedingly narrow. 743 F.3d at 38-39. We ask only whether "the indictment alleges all of the statutory elements of a federal offense." *Hayle*, 815 F.2d at 882. Defects in an indictment short of a failure to charge all of the statutory elements do not undermine subject-matter jurisdiction, and do not implicate the power of the federal courts to decide a case. *See Cotton*, 535 U.S. at 631 (quoting *Williams*, 341 U.S. at 66 ("'[T]hat the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'")). "[T]he defendant's contention . . . that in fact certain of [the statutory] elements are lacking . . . goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant if all of the alleged elements are proven." *Hayle*, 815 F.2d at 882; *accord United States v. Weinberg*, 852 F.2d 681, 684-85 (2d Cir. 1988).

---

charges a "non-offense"—i.e., conduct that the legislature has not clearly prohibited. *Rubin*, 743 F.3d at 34, 38 n.6 (recognizing abrogation of *United States v. Moloney*, 287 F.3d 236, 240 (2d Cir. 2002) (holding that a defendant's "claim that the indictment charges a non-offense implicates the jurisdiction of the federal courts"), by *Cotton*, 535 U.S. 625 (2002)). Charging an offense requires no more than charging the violation of a specific statute. *See, e.g., United States v. Lasaga*, 328 F.3d 61, 63-64 (2d Cir. 2003).

Even a defendant's persuasive argument that the conduct set out in the indictment does not make out a violation of the charged statute does not implicate subject-matter jurisdiction. *See Rubin*, 743 F.3d at 37. In *Lamar v. United States*, 240 U.S. 60 (1916), the defendant challenged his conviction under an indictment for "having falsely pretended to be an officer of the government of the United States, to wit, a member of the House of Representatives." *Id.* at 64. He argued that the court lacked jurisdiction to hear the case because a member of Congress is not an "officer" of the United States.[4] *Id.* But, as Justice Holmes explained, "nothing can be clearer than that the District Court, which has jurisdiction of all crimes cognizable under the authority of the United States . . . acts equally within its jurisdiction whether it decides a man to be guilty or innocent under the criminal law, and whether its decision is right or wrong." *Id.* at 65 (citation omitted). The defendant's argument went, therefore, "only to the merits of the case." *Id.; accord Cotton*, 535 U.S. at 630-31 (quoting *Lamar*); *Rubin*, 743 F.3d at 36; *Weinberg*, 852 F.2d at 684-85; *Hayle*, 815 F.2d at 882.

Even post-plea appeals that call into question the government's authority to bring a prosecution or congressional authority to pass the statute in question are generally not "jurisdictional" in the sense required by *Lamar* and its progeny. Thus we have denied as waived post-plea challenges to the constitutionality of a prosecution or criminal statute based on the Commerce Clause, *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003); the Double Jeopardy Clause, *United States v. Leyland*, 277 F.3d 628, 631-32 (2d Cir. 2002) (citing *United States v. Mortimer*, 52 F.3d 429, 435 (2d Cir. 1995)); and

---

[4] Under the prevailing law in 1916, this challenge to the trial court's jurisdiction allowed the defendant a direct appeal to the Supreme Court following his conviction. *Id.* at 64.

the Sixth Amendment's guarantee of a speedy trial, *United States v. Mann*, 451 F.2d 346, 347 (2d Cir. 1971) (per curiam).[5]  And we have similarly held that "an indictment states an offense even though the crime alleged appears to be barred by limitation." *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965) (citing *United States v. Cook*, 84 U.S. (17 Wall.) 168 (1872)).

Against this backdrop, we cannot agree that the absence of a territorial nexus between the defendant's alleged conduct and the United States implicates the authority of a court to decide a case presented by an otherwise valid criminal indictment, where, as here, a nexus requirement is not mentioned anywhere among the elements of the charged offense.  And although Yousef contends that his appeal implicates "the [district] court's very authority to hear the case," Appellant's Br. at 35, he fails to identify any element of the offense to which he pled guilty that is not adequately alleged in the indictment.

We nevertheless pause to consider the sufficiency of the indictment in fulfillment of our "obligat[ion] to consider *sua sponte* issues that the parties have disclaimed or have not presented" where subject-matter jurisdiction may be in question.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Yousef pled guilty to "knowingly provid[ing] material support or resources to a foreign terrorist

---

[5]  In the context of assessing whether jeopardy attaches for the purposes of a Double Jeopardy Clause defense, we have also held that a district court has jurisdiction under 18 U.S.C. § 3231 to convict a defendant of committing a federal offense, even if there is no basis in law for the court to impose any penalty based on that conviction.  *Sabella*, 272 F.2d at 209.

organization, or attempt[ing] or conspir[ing] to do so," with

> knowledge that the organization is a designated terrorist organization (as defined in subsection [18 U.S.C. § 2339B](g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

18 U.S.C. § 2339B(a)(1). The definition of "material support or resources" includes "any property, tangible or intangible, or service, including . . . weapons, lethal substances, [or] explosives." 18 U.S.C. § 2339A(b)(1); *see* 18 U.S.C. § 2339B(g)(4). And section 2339B asserts jurisdiction over foreign conduct constituting an offense defined in subsection 2339B(a) if, among other things, "the offense occurs in or affects interstate or foreign commerce." *Id.* § 2339B(d)(1)(E).

Count Two of the fourth superseding indictment, to which Yousef pled guilty, unambiguously alleges each of these elements. The indictment therefore conferred subject-matter jurisdiction on the district court—that is, the court had the power to hear the Government's prosecution of Yousef even if the allegations were defective in some way.

In concluding that Yousef has failed successfully to raise a question of the district court's jurisdiction to hear his case, we nevertheless cannot deny that he may claim support for his position in several of our prior decisions upon which he relies.

11

First, in two cases involving appeals from convictions following jury trials, we suggested that the question of whether Congress intended a statute to apply extraterritorially implicates subject-matter jurisdiction. *See United States v. Al Kassar*, 660 F.3d 108, 117-18 (2d Cir. 2011) (referring to the nexus requirement as a "jurisdictional nexus"), *cert. denied*, 132 S. Ct. 2374 (2012); *United States v. Yousef*, 327 F.3d 56, 85 & n.16 (2d Cir. 2003) (characterizing extraterritorial jurisdiction as a question of a court's "subject matter jurisdiction"). Ours is not the only court to have understood subject-matter jurisdiction in this way. *See, e.g.*, *United States v. Ayesh*, 702 F.3d 162, 165-66 (4th Cir. 2012) (referring to statute's applicability to extraterritorial conduct as a question of subject-matter jurisdiction), *cert. denied*, 133 S. Ct. 1619 (2013).

But the Supreme Court definitively rejected this analysis even before *Al Kassar* in *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010). In that case, the Court called our treatment of the extraterritorial reach of section 10(b) of the Securities Exchange Act as a question of subject-matter jurisdiction a "threshold error." *Id.* at 2876-77. As the Court explained, "to ask what conduct § 10(b) reaches is to ask what conduct § 10(b) prohibits, which is a merits question." *Id.* at 2877. There, subject-matter jurisdiction was established by 15 U.S.C. § 78aa, which grants district courts original jurisdiction over federal securities law claims.[6] *Id.* at 2877 & n.3. In the criminal context, 18 U.S.C. § 3231 is

---

[6] Section 78aa was subsequently amended by Section 929P(b) of the Dodd-Frank Act so that it now refers specifically to extraterritorial jurisdiction, but that provision did not exist at the time *Morrison* was decided and played no role in the Court's conclusion that the district court had the power to hear that case and decide whether the statute in question applied extraterritorially.

all that is necessary to establish a court's power to hear a case involving a federal offense, whether or not the conduct charged proves beyond the scope of Congress' concern or authority in enacting the statute at issue.

In recognizing *Morrison*'s teaching on extraterritoriality and *Cotton*'s holding with respect to what sorts of indictment defects implicate subject-matter jurisdiction, we also acknowledge the abrogation of one aspect of our holding in *United States v. Gatlin*, 216 F.3d 207 (2d Cir. 2000). In that case, the defendant pled guilty to sexual abuse of a minor while "in the special maritime and territorial jurisdiction of the United States," in violation of 18 U.S.C. § 2243(a). *Id.* at 209. The conduct in question had occurred at an overseas military housing complex. *Id.* We concluded that 18 U.S.C. § 7(3), which defines the term "special maritime and territorial jurisdiction of the United States," did not apply extraterritorially and that crimes committed at the complex in question were therefore beyond its reach. *Id.* at 210, 220. Accordingly, we held that section 2243(a) did not apply to the defendant's acts "and that the District Court lacked jurisdiction to try him." *Id.* at 220. The latter conclusion is inconsistent with *Morrison*. Under *Morrison*, whether section 2243(a) is intended to reach overseas conduct—by reference to the definition contained in section 7(3)—is a merits question that does not implicate the power of the district court to hear and decide the case.

\* \* \*

A court's power to hear a case does not, of course, conclusively establish the government's authority to prosecute it. Our jurisprudence is replete with limitations on the exercise of that authority, whether by virtue of constitutional provisions, like the Due Process Clause, or judicially created doctrines, like the presumption against extraterritoriality. *See United States*

13

*v. Vilar*, 729 F.3d 62, 72-74 (2d Cir. 2013). The due process requirement that a territorial nexus underlie the extraterritorial application of a criminal statute is just such a limitation. It protects criminal defendants from prosecutions that are "arbitrary or fundamentally unfair." *See Al Kassar*, 660 F.3d at 118 (quoting *Yousef*, 327 F.3d at 111) (internal quotation marks omitted). The absence of the required nexus, if indeed it were lacking here, may have been grounds for dismissing the indictment before the district court, or on appeal, had there been a trial in this case or an explicit reservation of the issue for appeal. But unlike the requirements of subject-matter jurisdiction, nothing in our jurisprudence suggests that this limitation on the reach of criminal statutes falls within the narrowly circumscribed range of exceptions to the bar on raising non-jurisdictional challenges to a conviction following a guilty plea.

## CONCLUSION

Because Yousef has offered no reason to doubt the validity of his plea or to question the power of the district court to hear his prosecution, we conclude that, by pleading guilty, he waived the only objection to his conviction he raises in this appeal. The judgment of the district court is therefore AFFIRMED.