14-1302-cr
*United States v. Watson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand and fifteen.

Present:
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judge*s,

        JEFFREY ALKER MEYER,[*]
            *District Judge.*

---

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                                 No. 14-1302-cr

RAWSON EDWARD WATSON, AKA SEALED DEFENDANT 1,

        *Defendant-Appellant*.

---

For Appellant:      RANDOLPH Z. VOLKELL, Merrick, New York.

---

[*]      Hon. Jeffrey Alker Meyer, United States District Court for the District of Connecticut, sitting by designation.

1

For Appellee:    SHANE T. STANSBURY, and Karl Metzner (on the brief), *for* Preet Bharara, United States Attorney for the Southern District of New York.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-Appellant Rawson Edward Watson ("Watson") appeals from a final judgment and sentence entered by the United States District Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history, and the legal issues presented by this appeal.

It is uncontested that Watson did not reserve, and has therefore waived, his right to appeal the issue of whether 21 U.S.C. § 959(b)(2) applies extraterritorially. "Generally, in order to reserve an issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *United States v. Rubin*, 743 F.3d 31, 35 (2d Cir. 2014) (internal quotation marks omitted). Watson did none of these things. Nonetheless, he argues that we may reach the merits of his appeal because the issue he raises is jurisdictional in nature. *See United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."). Watson's argument must be rejected, however, as it is directly contradicted by clear and binding precedent. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 253-54 (2010) (holding that the extraterritorial reach of a statutory provision is a merits question); *United States v. Yousef*, 750

F.3d 254, 261-63 (2d Cir. 2014) (applying *Morrison* in the criminal context), *cert. denied*, 135 S. Ct. 248 (2014).

We have considered Watson's remaining arguments and find them to be without merit. Accordingly, Watson's appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk