15-1676-cr
United States v. Charles Huggins

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand sixteen.**

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
                        Circuit Judges,
            JANE A. RESTANI,
                        Judge.*

_____

UNITED STATES,

                Appellee,

                v.                          No. 15-1676-cr

CHARLES HUGGINS, AKA SEALED DEFENDANT 1,

                Defendant-Appellant,

CHRISTOPHER BUTCHKO,

                Defendant,

_____

* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

ANNE THOMAS,

Defendant.[**]

<hr />

**FOR DEFENDANT-APPELLANT:**

JONATHAN T. SAVELLA (Marc Fernich, <u>on the brief</u>), Law Office of Marc Fernich, New York, New York.

**FOR APPELLEE:**

EDWARD IMPERATORE, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney; Preet Bharara, United States Attorney, <u>on the brief</u>), Southern District of New York, New York, New York, <u>for Appellee</u>.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, <u>Judge</u>).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 14, 2015, judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and **REMANDED** for resentencing.

Defendant-Appellant Charles Huggins ("Huggins") was convicted on May 14, 2015, after a two-week jury trial for wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. The district court sentenced him to a term of imprisonment of 120 months, entered an order of forfeiture in the amount of $2.4 million, and ordered restitution in the amount of $2.4 million.

<hr />

[**]  The Clerk of Court is directed to amend the official caption as set forth above.

On appeal, Huggins argues that the indictment lacked specificity and failed to inform him of the nature and cause of the accusations against him in violation of the Fifth and Sixth Amendments.  He also contends that his sentencing counsel provided ineffective assistance and that the district court incorrectly applied sentencing enhancements based on a loss figure of $8.1 million, abuse of a position of trust, and gross receipts from a financial institution in excess of $1 million.  For the reasons set forth below, we affirm the judgment of conviction and we find no error in the loss calculation.  We decline to resolve the limited ineffective assistance of counsel claim raised before us, and dismiss it without prejudice to Huggins raising it in a petition for a writ of habeas corpus under 28 U.S.C. § 2255.  We resolve the other two sentencing enhancements in an opinion published contemporaneously with the summary order.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

A.

As Huggins preserved the issue for appeal in the district court, we review de novo the sufficiency of his indictment.  See United States v. Pirro, 212 F.3d 86, 92 (2d Cir. 2000).  An indictment is sufficient if it alleges all of the statutory elements essential for conviction.  See United States v. Yousef, 750 F.3d 254, 259 (2d Cir. 2014).  Typically, if the indictment tracks the language of the statute and, as necessary, "state[s] time and place in approximate terms," it is deemed sufficient.  United States v. Frias, 521 F.3d 229, 235 (2d Cir. 2008); see also United States v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999) ("[W]e have repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity.") (quoting United States v. McClean, 528 F.2d 1250, 1257 (2d Cir. 1976)).

3

Huggins argues that his indictment was "ambiguous" because it presented alternative theories of fraud including false statements to investors, misuse of investor funds for personal benefit, and an advance fee or "ponzi" scheme. See Def. Br. 25. We find this argument meritless. Although United States v. Shellef, 507 F.3d 82, 107–09 (2d Cir. 2007), cautions the government against presenting alternative theories to the jury, that case concerned distinct "no sale" and "tax liability" theories of fraud. Here, the indictment presented a single theory of the case: Huggins "devise[d] a scheme and artifice to defraud" investors from "at least in or about 2008 through in or about September 2011" that involved "misleading representations" to at least three investors "that their investments would be used exclusively to further the mining of diamonds and gold in West Africa." Gov't Br. Add. 86–87, 89 (Indictment Mar. 6, 2013). The indictment specified the companies in question, JYork and Urogo, and the approximate sum solicited from investors, $2.4 million dollars. Id. Furthermore, the government clarified any ambiguities concerning its theory of the case through repeated on-the-record representations of the charged scheme. At pre-trial conference, the district court gave Huggins the opportunity to raise questions and clarify which emails and bank records would be presented. See A:69–74. Indeed, Huggins concedes that counts one and two of the superseding indictment tracked the language of the wire fraud statute, as required under United States v. Frias.[1] See 521 F.3d at 235; see also Gov't Br. Add. 86–99 (Indictment Mar. 6, 2013).

---

[1] Under Fountain v. United States, 357 F.3d 250, 255 (2d Cir. 2004), "the essential elements of a mail or wire fraud violation are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." (quoting United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996)). All three elements are set forth in the indictment, thereby meeting the minimal requirements of Federal Rule of Criminal Procedure 7(c).

The district court thus concluded that the government's indictment, subsequent disclosures, and discovery materials sufficiently apprised Huggins of the charges against him and enabled him to prepare his defense. We agree.

B.

We review sentences for reasonableness, which "amounts to review for abuse of discretion." United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc); see also United States v. Messina, 806 F.3d 55, 61 (2d Cir. 2015). "A district court commits procedural error where it . . . selects a sentence based on clearly erroneous facts [.]" United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012). Huggins argues that the district court incorrectly applied a twenty-level enhancement for a loss figure of $7,000,001 or greater under U.S.S.G. § 2B1.1(b)(1)(K) (2014). The district court adopted the loss figure of $8.1 million proven at trial and calculated in the presentence report. See A:246–48. The district court included in this loss figure $5.5 million in loss caused by Huggins's earlier oil company fraud. Sentencing Tr. 24, DE[2] 358. Huggins's sentencing counsel objected to the inclusion of this $5.5 million. Sentencing Submission 5, DE 316. The district court then imposed a sentence of 120 months' imprisonment—nearly twelve years below the low end of the U.S. Sentencing Guidelines range. Before us, Huggins does not contest the district court's inclusion of the $5.5 million in the $8.1 million loss figure. Def. Br. 29 n.7. Huggins does contend that certain investors in Huggins's fraudulent mining companies did not invest as much as the district court found that they did. Defense counsel did not raise this challenge before the district court. We see no indication that the district court based its application of the enhancement on clearly erroneous loss amounts for

---

[2] "DE" refers to trial court docket entry numbers for court number 1:13-cr-00155-SHS.

investors in Huggins's fraudulent mining companies, or otherwise plainly erred with regard to the enhancement.

C.

Finally, Huggins contends that he was denied his Sixth Amendment right to effective assistance of counsel because his sentencing counsel failed to review or object to loss amounts for certain investors in Huggins's mining company fraud, which losses were included in $2.6 million of the $8.1 million loss figure. See Def. Br. 28–29. "[T]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review," United States v. Lee, 549 F.3d 84, 95 (2d Cir. 2008) (quoting United States v. Khedr, 343 F.3d 96, 99–100 (2d Cir. 2003)); see also United States v. Iodice, 525 F.3d 179, 186 (2d Cir. 2008), in part, because the district court "may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance," and is thus "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," Massaro v. United States, 538 U.S. 500, 505 (2003); see also Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998).

We have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." Khedr, 343 F.3d at 100 (2d Cir. 2003) (internal quotation marks omitted). As noted above, Huggins has not shown that the district court clearly erred in its loss figure calculation. This conclusion does not necessarily preclude Huggins's ineffectiveness claim because it is unclear what evidence might have been presented to the district court. Given the court's aversion to resolving ineffectiveness claims on direct review, we decline to address this question. Should Huggins so choose, he may

seek relief under 28 U.S.C. § 2255, the "preferable" mechanism "for deciding claims of ineffective assistance." Massaro, 538 U.S. at 504.

## CONCLUSION

We have considered the remainder of Huggins's arguments on appeal that are not the subject of the accompanying opinion, and find them to be without merit. In the accompanying opinion we conclude that the district court erred in applying sentencing enhancements for receiving gross receipts from a financial institution in excess of $1 million and for abuse of a position of trust. Accordingly, the judgment of the district court is **AFFIRMED**, but the district court's sentence is **VACATED** and **REMANDED** for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7