19-1731-cr
*United States v. Luis Cosme*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee,*

           -v-                                          19-1731-cr

LUIS COSME, aka Lou Rock,
                   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    MICHAEL J. GUSTAFSON, Assistant United
                                 States Attorney (Marc H. Silverman, Assistant
                                 United States Attorney, *on the brief*), *for* John H.
                                 Durham, United States Attorney for the

District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT: CHARLES F. WILLSON, Assistant Federal Public Defender, *for* Terence Ward, Federal Public Defender for the District of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Luis Cosme appeals from a judgment entered May 29, 2019, convicting him, upon his guilty plea, of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Cosme principally to 72 months' imprisonment, to be followed by three years of supervised release. On appeal, Cosme contends that (1) the indictment's failure to allege that he knew he was a felon at the time he possessed the firearm deprived the district court of jurisdiction; and (2) his failure to admit such knowledge and the Government's failure to present evidence of such knowledge during his plea colloquy requires vacatur of his conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

On April 10, 2017, detectives from the Hartford Police Department pulled over a vehicle in which Cosme was a passenger for a traffic violation.[1] The detectives ordered Cosme to exit the vehicle, and he informed them that he had a gun in the car and also told them where it was located. A detective then located "a Hi-Point, model JCP .40 caliber handgun with the serial number X7232003" in a purse in the front passenger seat of the vehicle. Presentence Inv. Rep. ¶ 18. The firearm was loaded with seven rounds in the magazine and one round in the chamber, and, after waiving his *Miranda* rights, Cosme admitted that the firearm was his. Cosme was also asked if he had a valid pistol permit, to which he replied: "[N]a man I'm a felon man, times are tough man . . . my boy just got killed." Presentence Inv. Rep. ¶ 19.

On June 21, 2017, a federal grand jury returned an indictment charging Cosme with seven offenses. Relevant to this appeal, count three charged Cosme with the unlawful possession of a firearm by a felon as follows:

> On or about April 10, 2017, in the District of Connecticut, the defendant LUIS COSME, aka "Lou Rock," having been convicted in the Superior Court of the State of Connecticut of crimes punishable by imprisonment for a term exceeding one year, that is: (a) Possession of Narcotics, in violation of C.G.S. § 21a-279(a), on December 22, 2010; (b) Assault 2, in violation of C.G.S. § 53a-60, on December 22, 2010; (c) Possession of Narcotics, in violation of C.G.S. § 21a-279(a), on December 22, 2010; (d) Possession of Narcotics, in violation of C.G.S. § 21a-279(a), on March 27, 2008; (e) Sale of a Hallucinogenic/Narcotic Substance, in violation of C.G.S.

---

[1] The following facts are drawn from the Presentence Investigation Report, to which Cosme did not object and the factual findings of which the district court adopted.

§ 21a-277(a), on March 26, 2007; (f) Possession of Narcotics, in violation of C.G.S. § 21a-279(a), on January 27, 2005; (g) Possession of Narcotics, in violation of C.G.S. § 21a-279(a), on May 22, 2001; and (h) Failure to Appear 1, in violation of C.G.S. § 53a-172, on May 22, 2001, knowingly and intentionally possessed a firearm in and affecting commerce, that is, a Hi-Point, model JCP, .40 caliber firearm, bearing serial number X7232003, which had been shipped and transported in interstate or foreign commerce.

Gov't App'x at 14.

On September 10, 2018, Cosme pleaded guilty to count three of the indictment.  The written plea agreement enumerated three elements for the offense of unlawful possession of a firearm by a felon:  first, that "[p]rior to April 10, 2017, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year"; second, that "[o]n April 10, 2017, the defendant knowingly possessed a firearm as described in the Indictment"; and third, that "[t]he firearm had traveled in interstate or foreign commerce."  Gov't App'x at 17.  Cosme admitted to each of the three elements in his plea allocution, but neither the Government nor the district court advised Cosme of any element requiring him to know that he was a felon at the time he possessed the firearm on April 10, 2017.  Cosme neither denied nor admitted to having such knowledge.

On May 28, 2019, the district court sentenced Cosme principally to 72 months of imprisonment.  Judgment entered May 29, 2019, and Cosme timely appealed on June 11, 2019.  Ten days later, the Supreme Court decided *Rehaif*, in which it held

4

that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Relying on *Rehaif*, Cosme now seeks vacatur of his count three conviction.

## *DISCUSSION*

### I. *Jurisdictional Challenge*

Cosme first argues that the district court lacked jurisdiction over the prosecution because, in omitting the knowledge requirement element, the operative indictment failed to allege an offense "against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014). We reject this argument because it is plainly foreclosed by our precedent. *See United States v. Balde*, 943 F.3d 73, 90 (2d Cir. 2019) (holding that *Rehaif*'s "knowledge requirement . . . is best understood as telling us what conduct the statute prohibits and how the statute would be violated, which is ultimately a merits question and not one that affects the jurisdiction of the court to adjudicate the case" (internal quotation marks and brackets omitted)).[2]

---

[2] The indictment here is distinguishable from the one charged in *Balde* only because it charged Cosme under a different subsection of § 922(g), subsection 1, which prohibits firearm possession by individuals with previous felony convictions. But as we have since held in two nonprecedential summary orders, that distinction is without consequence for purposes of the jurisdictional inquiry. *See United States v. Hayes*, No. 18-173, 2020 WL 2050646, at *5 (2d Cir. Apr. 27, 2020); *United States v. Keith*, 797 Fed. App'x. 649, 651 (2d Cir. 2020).

## II.    *Rule 11 Challenge to Guilty Plea*

Cosme also contends that even if the district court had jurisdiction over the indictment, his conviction must nonetheless be vacated because, absent warning or evidence of the knowledge-of-status element of his conviction, his plea was defective under Federal Rule of Criminal Procedure 11.  Specifically, Cosme argues that the failure to notify him of the knowledge-of-status element of his charge violated Federal Rule of Criminal Procedure 11(b)(1)(G), which requires the district court to "determine that the defendant understands . . . the nature of each charge to which the defendant is pleading" guilty.  He further contends that the government and district court's failure to inquire into his knowledge of his status as a felon, and his failure to admit such knowledge, deprived the district court of a "factual basis for the plea," in violation of Rule 11(b)(3).  Fed. R. Crim. P. 11(b)(3).

Where, as here, the defendant fails to raise any Rule 11 objections in the district court below, we review for plain error.  *See Balde*, 943 F.3d at 95.  To demonstrate plain error, a defendant "must show (1) error that (2) is clear or obvious under current law; (3) affects his substantial rights, which generally means affects the outcome of the district court proceedings; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018).  Regarding the third prong, "[w]ithin the context of plea proceedings, a defendant must establish that the violation affected substantial rights and that there is a reasonable

6

probability that, but for the error, he would not have entered the plea." *Balde*, 943 F.3d at 96 (internal quotation marks omitted).

We reject Cosme's Rule 11 challenge to his conviction because he cannot demonstrate plain error. Cosme had at least three prior felony convictions by the time he was found in possession of a firearm on April 10, 2017, resulting in sentences of two years, fifteen months, and three years respectively. Cosme contends these convictions and resulting sentences do not necessarily demonstrate his knowledge that had been convicted of a crime punishable by more than a year in prison, *see* 18 U.S.C. § 992(g)(1), particularly in light of his intellectual limitations and because some of his other convictions resulted in suspended sentences or sentences that ended up being one year or less. But even were we to credit this assertion, *see United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020) ("[I]t is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment."), we would still affirm Cosme's conviction. On the date of his arrest, Cosme told detectives that he did not have a valid pistol permit because "I'm a felon man." Presentence Inv. Report ¶ 19. On this record, there is no reasonable probability that Cosme would not have entered his plea had the district court correctly explained the elements of his offense. Accordingly, Cosme cannot establish an error that affected his substantial rights, and we reject his Rule 11 challenge to his guilty plea.

\* \* \*

7

We have considered Cosme's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk