18-935-cr
*United States v. Radin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
RALPH K. WINTER,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                      18-935-cr

LIDYA MARIA RADIN,
*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                       Stephanie Lake, Anna M. Skotko, Assistant
                                    United States Attorneys, for Audrey Strauss,
                                    United States Attorney for the Southern
                                    District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:       Lidya Maria Radin, *pro se*, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Pitman, *M.J.*; Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and opinion and order of the district court are **AFFIRMED**.

Following a four-day bench trial before a magistrate judge (Henry B. Pitman, *M.J.*), defendant-appellant Lidya Maria Radin was convicted of misdemeanor counts of disorderly conduct and failing to comply with signs and directions on federal property (the Daniel Patrick Moynihan United States Courthouse (the "Courthouse") at 500 Pearl Street) in violation of 41 C.F.R. §§ 102-74.385 and 102-74.390(a).  She was sentenced to ten days' imprisonment.  She appealed to a district judge (Richard J. Sullivan, *J.*), who affirmed the convictions and sentence by opinion and order entered March 18, 2018.  This appeal followed.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Radin argues that the magistrate judge lacked jurisdiction to preside over her trial and other proceedings.  We disagree.  Magistrate judges have jurisdiction "to try persons accused of, and sentence persons convicted of, misdemeanors . . . ."  18 U.S.C. § 3401(a); *see also* 28 U.S.C. § 636(a)(3) ("[M]agistrate judges . . . shall have . . . the

power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section."); Local Criminal Rule 59.1 ("Magistrate Judges are hereby specially designated to exercise the jurisdiction set forth in 18 U.S.C. § 3401."). While § 3401 also allows "[a]ny person charged with a misdemeanor, *other than a petty offense*[, to] elect . . . to be tried before a district judge," 18 U.S.C. § 3401(b) (emphasis added), the regulations under which Radin was convicted concerned petty offenses, *see* 18 U.S.C. § 19 (providing that "the term 'petty offense' means," *inter alia*, "a Class C misdemeanor"); 18 U.S.C. § 3581(b)(8) (providing that "authorized term of imprisonment" for a Class C misdemeanor is "not more than thirty days"); 41 C.F.R. § 102-74.450 (setting maximum penalty of 30 days in jail for violating regulations related to the regulations at issue here).

Radin also argues that the Courthouse is not federal property within the meaning of the relevant regulations. We construe the argument as a challenge to the sufficiency of the evidence as to that element of the offenses.[1] We review a sufficiency challenge *de novo*, and "must consider the evidence in the light most favorable to the prosecution and uphold the conviction if any rational trier of fact could have found the

_____

[1] The courts below plainly had subject-matter jurisdiction over the criminal proceeding against Radin, because the offenses with which she was charged are federal crimes. *See* 18 U.S.C. § 3231; *United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014) ("Federal courts have subject-matter jurisdiction over federal criminal prosecutions by virtue of 18 U.S.C. § 3231, which vests the district courts with the power to hear 'all offenses against the laws of the United States.'"). Thus, to the extent Radin's argument is construed as a challenge to the court's subject-matter jurisdiction, the argument is meritless.

essential elements of the crime beyond a reasonable doubt." *United States v. Blaszczak*, 947 F.3d 19, 30 (2d Cir. 2019) (internal quotation marks and emphasis omitted).

For purposes of the regulations under which Radin was convicted, the "property" on which the offense occurred must be "under the authority of GSA." 41 C.F.R. § 102–74.365. The Government's witnesses testified that the Courthouse is under the control of the GSA and is federal property. In addition, the Government entered into evidence a picture of the sign advising visitors to the Courthouse that it is federal property. We conclude that the evidence presented by the Government was sufficient to establish that the Courthouse was federal property within the meaning of the regulations.

We have reviewed Radin's remaining arguments on appeal and conclude they are without merit. Accordingly, we **AFFIRM** the judgment and opinion and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk