22-1922 (Con)
*United States v. Fasasi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                            22-1922 (Con)

RODNEY THOMAS, JR., MONTRELL DOBBS, JR., STANLEY PIERRE,

> *Defendants*,

RALPH PIERRE, FAROUQ FASASI,

> *Defendants-Appellants*.

---

For Appellee:                    STEPHANIE T. LEVICK, Assistant United States Attorney (Heather L. Cherry and Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

1

For Defendant-Appellant:  ALLISON M. NEAR, Jacobs & Dow LLC, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Farouq Fasasi ("Fasasi") appeals from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*), entered on August 19, 2022.[1] A jury convicted Fasasi of one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, one count of mail fraud, in violation of 18 U.S.C. § 1341, one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and three counts of money laundering, in violation of 18 U.S.C § 1957.   The district court sentenced Fasasi to 168 months of imprisonment, followed by three years of supervised release, restitution in the amount of $5,946,371.58, and a special assessment of $600.   On appeal, Fasasi argues (1) that the district court abused its discretion in denying his motion to sever because his co-defendants raised mutually antagonistic defenses, (2) that the district court committed several procedural errors in imposing his sentence, and (3) that his counsel at sentencing was constitutionally ineffective.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Fasasi's appeal is consolidated with No. 22-1508, the appeal of Defendant-Appellant Ralph Pierre.   We decide Pierre's appeal in a separate summary order, which we file simultaneously with this summary order.

## I. Motion to Sever

Federal Rule of Criminal Procedure 14(a) permits a district court to "sever the defendants' trials" if the joinder of defendants "appears to prejudice a defendant or the government." "Under the rule, the decision to sever a joint trial is committed to the sound discretion of the trial judge." *United States v. Yousef*, 327 F.3d 56, 149 (2d Cir. 2003) (internal quotation marks omitted), *overruled on other grounds as stated in United States v. Yousef*, 750 F.3d 254, 261 (2d Cir. 2014). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). And as a result, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

We have recognized that "[m]utually antagonistic or irreconcilable defenses may be so prejudicial in some circumstances as to mandate severance." *United States v. Salameh*, 152 F.3d 88, 116 (2d Cir. 1998) (internal quotation marks omitted). However, "[m]utually antagonistic defenses are not prejudicial *per se*." *Zafiro*, 506 U.S. at 538; *see United States v. Harwood*, 998 F.2d 91, 95–96 (2d Cir. 1993). And "even if prejudice is shown," "Rule 14 does not require severance . . . ; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538–39. "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* at 539. Accordingly, we will overturn a district court's denial of a Rule 14 motion—which we have described as "virtually unreviewable"—"only if a defendant can show prejudice so severe that his conviction constituted a miscarriage of justice." *Yousef*, 327 F.3d at 150 (internal quotation marks omitted).

Fasasi has failed to demonstrate such prejudice here.[2] Rather, he "'contend[s] that the very nature of [his and his co-defendants'] defenses, without more, prejudiced [him]'—a complaint that *Zafiro* held presented a 'risk of prejudice . . . of the type that can be cured with proper instructions.'" *Id.* at 151 (quoting *Zafiro*, 506 U.S. at 540). The district court instructed the jury that the lawyers' opening and closing statements—the only potential source of prejudice Fasasi identified—"are not evidence." App'x 1871–72. It also instructed the jury that it "must consider the case against each of the[] three defendants separately . . . as if he were on trial alone for the offenses for which he stands charged," and that it must "decide whether or not the government has proved each of the elements of that crime regarding each defendant beyond a reasonable doubt." App'x 1816–17. And "juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Thus, as in *Yousef*, "these 'instructions sufficed to cure any possibility of prejudice.'" 327 F.3d at 152 (quoting *Zafiro*, 506 U.S. at 541).

## II. Procedural Reasonableness

We generally review sentences for reasonableness—"a particularly deferential form of abuse-of-discretion review." *United States v. Davis*, 82 F.4th 190, 195 (2d Cir. 2023) (internal quotation marks omitted). However, Fasasi concedes that "[d]efense counsel failed to levy any objections to the presentence report ["PSR"], thereby warranting plain error review." Appellant's Br. at 25.[3] Under plain error review, the appellant must "demonstrate[] that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error

---

[2] We assume without deciding that Fasasi did not waive his severance claim by failing to raise it before trial. *See* Fed. R. Crim. P. 12(b)(3)(D), (c)(3).

[3] The government contends that Fasasi not only forfeited, but waived, several of his challenges. Because we conclude that the district court did not plainly err, we do not resolve whether Fasasi's challenges were waived or forfeited.

affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

Fasasi first argues that the district court failed to fulfill its obligation under Federal Rule of Criminal Procedure Rule 32(i)(1)(A) to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." In doing so, he points to this Court's recent decision in *United States v. Gates*, 84 F.4th 496 (2d Cir. 2023), in which we "emphasize[d] the importance" of Rule 32(i)(1)(A) and the "vital role the PSR plays in sentencing." *Id.* at 506. This case, however, is to be distinguished from *Gates*, where the district court entirely failed to "inquire as to whether Gates and her counsel had read and discussed the PSR." *Id.* Here, by contrast, the district court confirmed that Fasasi and his counsel "had a chance to review the presentence report and the addendum to that report." Special App'x 28. The district court also asked, "do you have any objections to any of the factual statements set forth there?" *Id.* Fasasi's counsel responded, "[n]o, your Honor. I went over the entire report. My client . . . took some issue with just minor details, but nothing of substance." *Id.* We see no "clear or obvious" error in this colloquy. *Marcus*, 560 U.S. at 262 (internal quotation marks omitted). Even assuming, as Fasasi suggests, that the district court could have confirmed in more explicit terms that Fasasi and his counsel had read and discussed the PSR, any such error would be "subject to reasonable dispute." *Id.* (internal quotation marks omitted). The district court thus did not plainly err. *See United States v. Algahaim*, 842 F.3d 796, 800 (2d Cir. 2016) (holding that a district court was entitled to rely upon counsel's representations to conclude Rule 32(i)(1)(A) had been satisfied).

Fasasi next challenges the district court's loss calculation and its application of a corresponding 18-level enhancement under U.S.S.G. § 2B1.1(b)(1)(J). The PSR estimated the total loss attributable to Fasasi as $5,946,371.58—the sum of the losses suffered by 134 victims of the scheme. Each victim's losses, displayed in a chart appended to the PSR ("Exhibit A"), were "calculated through the investigation of the [United States Postal Inspection Service ("USPIS")] and [Treasury Inspector General for Tax Administration ("TIGTA")] and through interviews with the . . . victims." PSR ¶ 62. In challenging the district court's loss calculation, Fasasi points primarily to three discrepancies between the loss amounts listed in Exhibit A and the testimonies of the same victims regarding their losses. While the explanation for these discrepancies is not immediately clear from the record, Fasasi fails to establish that the figures in Exhibit A were erroneous, let alone "clear[ly] or obvious[ly]" so. *Marcus*, 560 U.S. at 262 (internal quotation marks omitted).[4] And even if they were, any error would not have "affected [Fasasi's] substantial rights," as required on plain error review. *Id.* (internal quotation marks omitted). The discrepancies totaled $449,600. Were the estimated $5,946,371.58 loss decreased by that amount, it still would have fallen well within the $3,500,000 to $9,500,000 range applicable for U.S.S.G. § 2B1.1(b)(1)(J). Thus, the same 18-level enhancement would have applied.[5]

---

[4] Fasasi's corresponding challenge to his restitution order of $5,946,371.58 fails for the same reason. Our "[r]eview of restitution orders is extremely deferential." *United States v. Rainford*, 110 F.4th 455, 490 (2d Cir. 2024) (citation and internal quotation marks omitted). As in *Rainford*, "we are not 'left with the definite and firm conviction that a mistake has been committed' by the district court." *Id.* at 490 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

[5] To the extent Fasasi contends that the three discrepancies suggest the potential existence of additional errors with respect to other victims' loss calculations, he falls well short of establishing that any such errors were either "clear or obvious" or would have resulted in a total loss of less than $3,500,000. *Marcus*, 560 U.S. at 262 (internal quotation marks omitted).

Finally, Fasasi contends that the district court erred in applying U.S.S.G. § 2B1.1(b)(10)(B), which provides for a two-level enhancement if a "substantial part of a fraudulent scheme was committed from outside the United States." He concedes that "[t]he evidence at trial indicated a connection to Nigeria." Appellant's Br. at 34. But he nonetheless argues that "there was no evidence that a '*substantial* part' of the scheme was committed overseas." *Id.* (emphasis added). We disagree. The record contained ample evidence to support the district court's application of U.S.S.G. § 2B1.1(b)(10)(B). This evidence included (1) co-defendant Rodney Thomas, Jr.'s post-arrest statement, in which he confirmed that "individuals in Africa" were "talking to people to try to get them to send money," App'x 119; (2) checks and money orders written out by Fasasi to Takleema, a company that allowed individuals in the United States to transfer money to Nigeria; (3) testimony and shipment receipts establishing that victim Peggy Van Well-Hanson, who had sent packages to Fasasi and deposited money in his bank account, also sent at least one package to Lagos, Nigeria; and (4) testimony from victim Mary Tholl that a co-conspirator had told her over text message that he lived in Nigeria. On this record, Fasasi falls well short of establishing that the district court's application of U.S.S.G. § 2B1.1(b)(10)(B) was plainly erroneous. *Cf. United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) ("[F]or an error to be plain, it must, at a minimum, be clear under current law." (internal quotation marks omitted)).

## III. Ineffective Assistance of Counsel

Fasasi also argues that his counsel at sentencing was constitutionally ineffective. "In light of our baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (internal quotation marks omitted), and the Supreme Court's guidance that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States*, 538 U.S.

7

500, 504 (2003), we decline to resolve Fasasi's claim on the record before us.    Fasasi may pursue

this claim under 28 U.S.C. § 2255.    *See United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004).

<div align="center">*    *    *</div>

We have considered Fasasi's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>