17-1108-cr
*United States v. Ahearn*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,
            *Appellee,*

            v.                                              17-1108-cr

DAVID AHEARN,
            *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR APPELLEE:                        RAJIT S. DOSANJH, Assistant United
                                     States Attorney (Lisa M. Fletcher,
                                     Assistant United States Attorney, *on the
                                     brief*), *for* Grant C. Jaquith, United States

Attorney for the Northern District of
New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:        JAMESA J. DRAKE, Drake Law, LLC,
Auburn, Maine.

Appeal from the United States District Court for the Northern District of
New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN**

**PART** and **VACATED IN PART,** and the case is **REMANDED** for further proceedings

consistent with this order.

Defendant-appellant David Ahearn appeals from his judgment of

conviction for attempted coercion and enticement of a minor in violation of 18 U.S.C.

§ 2422(b), for which he was principally sentenced to 120 months' imprisonment and 15

years' supervised release.   In his *pro se* brief, Ahearn argues that his offense conduct

was beyond the intended scope of § 2242(b), and that the statute is unconstitutionally

overbroad and an invalid exercise of Congress's Commerce Clause powers.   In his

counseled brief, Ahearn argues that the district court erred in imposing as a special

condition of supervised release that Ahearn participate in a substance abuse treatment

program.   We assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.

Ahearn pleaded guilty on September 14, 2015, and a judgment of conviction was entered on July 20, 2016. He filed his notice of appeal *pro se* on April 17, 2017. Although Ahearn's notice of appeal is untimely, the government waives any objection to untimeliness. Under the circumstances, we exercise our discretion to hear the appeal as though it were timely filed. *See United States v. Frias*, 521 F.3d 229, 232 (2d Cir. 2008) (holding that Federal Rule of Appellate Procedure 4(b) is not jurisdictional).

Ahearn's *pro se* arguments have been waived by his plea of guilty. "[A]ppeals that call into question the government's authority to bring a prosecution or congressional authority to pass the statute in question are generally not 'jurisdictional,'" *United States v. Yousef*, 750 F.3d 254, 260 (2d Cir. 2014), and "[a] knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings," *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996). Thus, Ahearn's unconditional guilty plea waived any claim that Congress exceeded its constitutional authority in enacting § 2242(b), or that the government's prosecution of him under § 2242(b) was unconstitutional. *See United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003).

Ahearn also challenges the imposition of Special Condition 10, which requires him to "participate in a program for substance abuse which shall include testing for use of controlled substances, controlled substance analogues, and alcohol" for the 15-year duration of his supervised release. App'x at 56. Where, as here, a

3

defendant does not object to the conditions of his supervised release, this Court reviews those conditions for plain error.   *See United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).   A sentencing court may impose special conditions that are reasonably related to, *inter alia*, "the history and characteristics of the defendant" and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."   U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123-25 (2d Cir. 2005).   District courts are "required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it," and we may uphold a condition in the absence of such an explanation "only if the district court's reasoning is self-evident in the record."   *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted).

*Betts*, with its clarification that a district court must make an individualized assessment and state on the record the reason for imposing a special condition, had not yet been filed when the district court imposed sentence in this case. The district court did not separately discuss Special Condition 10.   Instead, it concluded generally that the special conditions were "necessary and justified . . . based upon the nature of the offense, as well as [defendant's] characteristics as outlined in the presentence report."   App'x at 44.   There is no indication in the record that Ahearn's offense had anything to do with alcohol or controlled substances.   The PSR does reflect

4

that Ahearn used cocaine two to three times in the 1980s, that he drank one beer approximately one day per week, and that he used marijuana on and off for approximately 36 years.   Although the U.S. Sentencing Guidelines recommend a special condition of substance abuse treatment "[i]f the court has reason to believe that the defendant is an abuser of . . . controlled substances or alcohol," U.S.S.G. § 5D1.3(d)(4), the district court did not indicate that it held such a belief.   The district court did not undertake an individualized assessment, and the record does not self-evidently reflect that Ahearn is an abuser of alcohol or controlled substances such that Ahearn's participation in a program for substance abuse for 15 years "involve[s] no greater deprivation of liberty than is reasonably necessary."   U.S.S.G. § 5D1.3(b)(2). We therefore vacate the imposition of Special Condition 10 and remand to the district court to make an individualized assessment and to clarify its reasoning in accordance with *Betts*.

We have considered all of Ahearn's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5