19-4320
*United States v. Seeley*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-one.

PRESENT:

> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                              No. 19-4320

JAMES SEELEY,

> *Defendant-Appellant.*

———————————————————————————

FOR APPELLANT:                 SARAH KUNSTLER, Law Office of Sarah Kunstler, Brooklyn, NY.

FOR APPELLEE:                  RAJIT S. DOSANJH, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 23, 2019, is **AFFIRMED**.

Defendant-Appellant James Seeley appeals from the 2019 judgment sentencing him to 262 months of imprisonment and a lifetime term of supervised release following his guilty plea to one count of attempted enticement of a minor to engage in a "sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). Seeley's conviction was based on his online and telephonic communications—and, eventually, plans to meet for the purpose of engaging in sexual conduct—with undercover officers who were posing as a stepfather and an 11-year-old stepdaughter. In both counseled and *pro se* arguments, Seeley now challenges the sufficiency of his indictment and the substantive and procedural reasonableness of various aspects of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.   Sufficiency of the indictment

In his counseled opening brief, Seeley argues that the one-count indictment is deficient and requires vacatur of his conviction because it "failed to notify [him] of the charges against him." Appellant's Br. at 25. The federal statute under which he was charged, 18 U.S.C. § 2422(b), incorporates and relies on a state criminal law—here, New York State Penal Law Article 130—to constitute the federal crime. Seeley maintains that the indictment's failure to specify the predicate sex offense listed in Article 130 renders it, in effect, void. Relatedly, in his *pro se* reply brief, Seeley asserts that "the indictment was defective in ways that deprived the district court of jurisdiction over the case" because it "failed to contain the elements of the charged offense and violated [Federal Rule of Criminal Procedure] 7(c)." *Pro se* Reply Br. at 1.

Having pleaded guilty, however, Seeley has waived his right to challenge the sufficiency of his indictment, except to the extent that any alleged deficiency goes to the district court's jurisdiction to enter the judgment of conviction. *See United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003). The relevant subsections of Article 130 are not jurisdictional, however; rather, they are "best understood as telling us what conduct the statute prohibits and how the statute would be violated, which is ultimately a merits question and not one that affects the jurisdiction of the court to adjudicate the case." *United States v. Balde*, 943 F.3d 73, 88, 90 (2d Cir. 2019) (internal quotation marks and alteration omitted) (applying this principle in the context of another state law); *see United States v. Yousef*, 750 F.3d 254, 260 (2d Cir. 2014). Seeley's arguments that the indictment was deficient are therefore foreclosed.

## II. Reasonableness of the sentence

### A. On plain error review, the district court did not procedurally err in its Guidelines calculation

**1. Applicable Guidelines section.** Seeley argues for the first time on appeal that the district court failed to properly calculate the applicable Guidelines range. The challenge turns on which Guidelines provision governs attempt crimes like Seeley's. We review such procedural challenges not made in the district court for plain error: that is, error, that is plain, and that affects substantial rights. *See United States v. Villafuerte*, 502 F.3d 204, 207, 209 (2d Cir. 2007).

In determining the Guidelines range applicable to Seeley, the district court relied on the U.S. Probation Office's calculation, which applied U.S.S.G. § 2G1.3. Seeley contends that the district court should have instead applied U.S.S.G. § 2A3.1,[1] which would have reduced the applicable range from 262 to 327 months to 87 to 108 months.

Section 2G1.3 applies to convictions for "prohibited sexual conduct with a minor." The commentary to the Guidelines broadly defines "prohibited sexual conduct" as "any

---

[1] Seeley first submits that "the appropriate Guideline for [his] offense is U.S.S.G. § 2A3.2," Appellant's Br. at 32, but in every other instance he argues that the district court should have applied Section 2A3.1. We presume that Seeley intended to refer to Section 2A3.1 in all instances.

sexual activity for which a person can be charged with a criminal offense." U.S.S.G. § 2A3.1 cmt. 1. Seeley argues that, in the absence of any explicit reference to inchoate offenses such as attempt, the phrase "prohibited sexual conduct with a minor" must be read to exclude such offenses. Seeley submits further that the existence of other Guidelines provisions that explicitly cover attempt crimes, as well as the catch-all provision in Section 2X1.1 for attempt crimes "not covered by a specific offense guideline," demonstrate the Sentencing Commission's intent that attempt offenses be governed only by those sections. Thus, Seeley concludes, Section 2G1.3 must be read to exclude attempt crimes, and Section 2A3.1 should govern the calculation.

We are not persuaded that the district court committed plain error by applying Section 2G1.3.[2] As discussed above, Section 2G1.3 expressly applies to convictions under 18 U.S.C. § 2422(b). Section 2422(b), in turn, expressly criminalizes "attempts" to entice minors into illegal sexual activity.[3] Further, Appendix A to the Guidelines, which specifies the Guidelines sections that are "applicable to [each] statute of conviction," correlates Section 2422 convictions with Guidelines Sections 2G1.1 and 2G1.3. *Guidelines Manual*, app. A 554, 570 (U.S. Sent'g Comm'n 2018); *see also* U.S.S.G. § 1B1.2(a) (directing courts to "[r]efer to the Statutory Index (Appendix A) to determine the . . . offense guideline . . . for the offense of conviction").[4] In light of this explicit correlation, we cannot conclude that the district court plainly erred by calculating Seeley's Guidelines range under Section 2G1.3.

---

[2] We have not expressly addressed whether Guidelines Section 2G1.3 (which by its terms applies to convictions under 18 U.S.C. § 2422(b)) or Section 2X1.1 (which applies to attempt crimes generally) governs attempt crimes charged under Section 2422(b). We need not decide this question here because, as explained above, the district court's application of Section 2G1.3 was not plain error. In any event, Seeley does not affirmatively argue that the district court should have applied Section 2X1.1.

[3] In relevant part, Section 2422(b) imposes criminal penalties on a person who "persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b).

[4] By contrast, Section 2A3.1, which Seeley argues the district court should have applied here, makes no reference at all to 18 U.S.C. § 2422. In a similar vein, Appendix A to the Guidelines refers to Section 2A3.1 only in connection with 18 U.S.C. §§ 37, 113(a)(1), 2237(b)(2)(B)(ii)(III), 2241, and 2242, statutes not relevant to Seeley's conviction. *See Guidelines Manual*, app. A 558, 568–69.

4

**2. Section 2G1.3(b)(5) enhancement.** Guidelines Section 2G1.3(b)(5) requires an eight-level enhancement for a defendant convicted under Section 2422(b) whose "offense involved a minor who had not attained the age of 12 years." Seeley urges that, because Section 2G1.3(b)(5) addresses crimes that "*involved*" —in the past tense—a minor under 12 years old, the enhancement can be applied only to completed offenses, not attempts.

We disagree. The Guidelines commentary to Section 2G1.3(b)(5) defines "minor" as including "an individual, whether fictitious or not, who a law enforcement officer represented" to be under 18 years old and available for sexually explicit conduct, or "an undercover law enforcement officer who represented" to the defendant that the officer was under 18 years old. U.S.S.G. § 2G1.3 cmt. 1. Because "minor" is defined to include "fictitious" minors, the enhancement necessarily applies to attempts as well as completed crimes. *See id.* Seeley was convicted of attempting to entice a fictitious minor whom he believed to be 11 years old into criminal sexual conduct. His conviction is therefore covered by Section 2G1.3(b)(5) and the district court correctly applied the enhancement.

**3. Section 2G1.3(b)(3) and (5) enhancements.** Seeley further maintains that the enhancements imposed by Section 2G1.3(b)(3) and (5)—respectively, for offenses involving the use of a computer to entice a minor to engage in sexual conduct and for offenses involving minors under 12 years of age—do not apply to his crime of conviction. He contends that the term "minor" as used in Section 2G1.3 does not encompass fictitious minors because 18 U.S.C. § 2422(b) by its terms criminalizes the enticement only of "any individual who has not attained the age of 18 years"—i.e., an actual minor. Therefore, Seeley submits, by defining "minor" in Section 2G1.3 as including fictitious minors, *see* U.S.S.G. § 2G1.3 cmt. 1, the Sentencing Commission has set forth an interpretation of "minor" that impermissibly sweeps more broadly than the unambiguous meaning of the word in 18 U.S.C. § 2422(b).

Again, we disagree. In *United States v. Gagliardi*, this Court held that Section 2422(b) covers attempt offenses involving fictitious minors. 506 F.3d 140, 145–47 (2d Cir. 2007) ("[We] join the Third, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits in holding that the involvement of an actual minor is not a prerequisite to an attempt conviction under

5

§ 2422(b).""). The Guidelines definition of "minor," including "fictitious" minors, set forth in the commentary to Section 2G1.3 is thus consistent with our interpretation of Section 2422(b). The enhancements under Section 2G1.3(b)(3) and (5) were correctly applied.

**4. Section 4B1.5(a) enhancement.** Seeley also submits, again for the first time on appeal, that the district court erred by applying the Guidelines Section 4B1.5(a) enhancement for, in essence, a repeat sex offender.[5] He argues that the enhancement applies only to convictions for offenses involving real minors. On plain error review, we are unpersuaded for the same reasons described above with regard to Section 2G1.3 enhancements.

## B. Seeley's lifetime supervised release term is procedurally reasonable

Seeley further challenges the procedural reasonableness of the lifetime term of supervised release portion of his sentence. He contends that the district court failed to articulate considerations sufficient to justify a lifetime term. A lifetime term of supervised release is both the statutory maximum and the upper bound of the Guidelines range for Seeley's offense. *See* U.S.S.G. § 5D1.2(b)(2) & cmt. 1.

During the sentencing hearing, the district court reviewed the reasons for the supervised release term that it imposed: Before the instant prosecution, Seeley was twice convicted for sex offenses, including for the sexual assault of his nine-year-old stepdaughter. After his prior state court convictions for these offenses, he repeatedly failed to comply with the conditions of his parole. In his crime of conviction, he again targeted a minor under the age of 12. He "brag[ged]" (as the court described it) to "the undercover agent that he had in fact sodomized his stepdaughter," demonstrating a lack of understanding of the gravity of his offenses. App. 113. As reflected in both his text communications with the undercover agent and in his statements before the district court, Seeley continued to show little remorse

---

[5] The Section 4B1.5(a) enhancement applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime" and the defendant committed the present offense after "sustaining at least one sex offense conviction." The Section's commentary defines "sex offense conviction" with reference to 18 U.S.C. § 2426, which defines the term as a conviction "under State law for an offense consisting of conduct that would have been an offense under" chapter 109A of the U.S. Code, which includes 18 U.S.C. §§ 2241–2248.

6

for his harmful, predatory acts. On this basis, the court concluded that Seeley had "clearly not learned from his mistakes." *Id.* at 114.

Pointing to the expectation that he will be 77 years old when his term of incarceration ends, Seeley contends nonetheless that the reasons and concerns reviewed by the district court are insufficient to support the lifetime term of supervised release. He cites research suggesting generally that recidivism substantially decreases with age.

These arguments are not enough to persuade us that the district court abused its discretion in imposing this term of punishment. At age 55, Seeley already joins a comparably small cohort of recidivists over the age of 50, tending to counter any presumption that the likelihood of his own recidivism will diminish substantially as he ages.[6] In any event, the many reasons articulated by the district court during sentencing are sufficient to meet its obligation to justify imposing a lifetime supervised release term.

## C. The special conditions prohibiting pornography and authorizing polygraphs are procedurally reasonable

**1. Special condition #9.** Seeley next assails as procedurally unreasonable the ban on adult pornography that the district court imposed in special condition #9. He contends that the district court failed to articulate why such a ban was necessary or reasonably related to the sentencing objectives set forth in 18 U.S.C. § 3553.

Because pornography receives First Amendment protection "when in the possession of ordinary adults," *Farrell v. Burke*, 449 F.3d 470, 497 (2d Cir. 2006), we have held that "a condition prohibiting access to adult pornography must be reasonably related to the enumerated statutory factors and must impose no greater deprivation of liberty than reasonably necessary," *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it;

---

[6] *See* U.S. Sent'g Comm'n, *The Effects of Aging on Recidivism among Federal Offenders* 25 fig. 22 (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (showing that for offenders with a criminal history category of III, like Seeley, recidivism rate is 38.4% for ages 50–59 and 25.5% for 60 and older).

the failure to do so is error" unless the "district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted).

At sentencing, as reviewed above, the district court described the nature of Seeley's present and prior sexual offenses against minors. It further highlighted Seeley's previous possession of both adult and child pornography and his "very poor impulse control." App. 129. On this basis, the court determined that future exposure to adult pornography was a "risk factor" that could lead Seeley again to engage in "high risk behavior." *Id.* at 121, 129. Upon Seeley's objection to the condition, the court further observed, correctly, that the prohibition can "easily [be] modified if Mr. Seeley comes out of prison rehabilitated and demonstrates better impulse control at a later date, less intimacy deficits, and/or a smidgen of remorse." *Id.* at 129.

On review, we conclude that the district court's assessment is well supported by the record and reasonably related to the sentencing goals of encouraging rehabilitation and protecting the public. We identify no error in its imposition of this condition.

**2. Special condition #6.** In special condition #6, the district court authorized "examinations [of Seeley] using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment." *Id.* at 136. Seeley argues that the district court erred by failing to identify any instances of his past dishonesty that would necessitate this condition, and by imposing this condition in the absence of a professional "diagnosis of his resistance to therapy or treatment." Appellant's Br. at 57.

Although polygraph tests are generally inadmissible at trial, we have authorized their use in the context of supervised release as having "therapeutic value" as "a potential treatment tool upon an offender's release." *United States v. Johnson*, 446 F.3d 272, 278 (2d Cir. 2006) (internal quotation marks, alteration, and emphasis omitted). We determine the appropriateness of this tool "in light of the nature and circumstances of the offense and the

8

history and characteristics of the defendant." *Id.* (internal quotation marks omitted). No related professional diagnosis is required to support its imposition.

Here, the district court explained its imposition of the polygraph authorization in light of Seeley's repeated parole violations, the fact that he "lied about" those violations until he was "caught," and the need to ensure that Seeley faced "accountability." App. 129–30. The district court did not abuse its discretion by imposing this condition.

### D. The sentence of imprisonment is substantively reasonable

Seeley argues that his sentence was substantively unreasonable. His position rests largely on his parallel challenge to the sentence as procedurally unreasonable. As described above, however, the district court did not commit plain error in its Guidelines calculation. In addition, the district court explained that it had reviewed the presentence investigation report and considered the Section 3553(a) sentencing factors, none of which suggested that a below-Guidelines sentence would be warranted in this case. Seeley's sentence of 262 months of imprisonment—on the low end of the applicable Guidelines range—is substantively reasonable.

## III. Additional *pro se* arguments

Seeley advances several additional arguments in a *pro se* reply brief filed separately from his counseled briefs. These arguments are unavailing.

Seeley alleges various constitutional errors that occurred prior to his guilty plea (concerning, for example, the *Miranda* warning he received, the circumstances of his arrest, and the search of his electronic devices). Because these alleged "case-related constitutional defects . . . occurred prior to the entry of the guilty plea," Seeley waived them by entering his guilty plea, in which he "admitted the charges against him." *Class v. United States*, 138 S. Ct. 798, 804–05 (2018) (internal quotation marks omitted).

To the extent that he claims to have received ineffective assistance of counsel, our "usual practice is not to consider the claim on direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Because the record on appeal "does not include

9

the facts necessary to adjudicate a claim of ineffective assistance of counsel," *id.*, we dismiss this argument as improperly raised on direct appeal.

Seeley challenges the special condition on supervised release that requires him to undergo a "psychosexual evaluation" and, if recommended as a consequence of that evaluation, his participation in a mental health treatment program. He argues that the condition violates the psychotherapist-patient privilege. But the condition does not—as he supposes—actually permit his probation officer access to privileged correspondence, and the reasons for imposing the condition are "self-evident in the record." *Betts*, 886 F.3d at 202. We reject the challenge.

Finally, Seeley argues that this case should be remanded to a different judge. Because there is no occasion for remand here, we do not address this argument in detail. It is, in any event, not meritorious. Remand to a different judge is "a serious request rarely made and rarely granted." *United States v. Awadallah*, 436 F.3d 125, 135 (2d Cir. 2006). Seeley's argument falls far short of the showing needed.

* * *

We have considered Seeley's remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

10